# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3656 | **DATE** | 6/26/2013 |
| **CASE TITLE** | Gregory Scott Wilson (B29111) vs. Saleh Obaisi, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $17.78 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to all serve all defendants. Plaintiff's motion for attorney representation (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]     Docketing to mail notices.

**STATEMENT**

    Pro se plaintiff Gregory Scott Wilson, a Stateville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for attorney representation. (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $17.78. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

    Plaintiff alleges that defendant medical officials have been deliberate indifferent to his hernia condition. Plaintiff complained to the defendants on several occasions over a multi

month period, but they allegedly refused to take any actions to address his pain. Plaintiff may proceed with a deliberate indifference claim against the defendants. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The Clerk shall issue summonses for service on all defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to all serve all defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve all defendants. With respect to any former employees who no longer can be found at the work address provided by plaintiff, the Stateville Correctional Center, Illinois Department of Corrections, and Wexford Health Sources, Inc., shall furnish the Marshal with defendant's last-known address for their respective employees. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

Plaintiff's motion for attorney representation (Dkt. No. 4), is denied without prejudice. Plaintiff has failed to make any attempts to secure counsel on his own. *Nevajar v. Iyiola*, __ F.3d __, No. 12-1182, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff may renew his motion if he is unsuccessful in obtaining his own counsel. Any renewed motion should detail plaintiff's efforts at obtaining counsel such as including the letters he receives from law firms and legal organizations responding to his requests for representation.