IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SCOTT WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 3656 |
| | ) |
| SALEH OBAISI, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

# **OPINION AND ORDER**

During times relevant to this lawsuit, plaintiff Gregory Scott Wilson was an inmate at Stateville Correctional Facility in Illinois. Plaintiff is currently incarcerated at Hill Correctional Center. Plaintiff contends that defendants acted with deliberate indifference to his serious medical needs in that he complained of the need for treatment of a hernia beginning in September 2011, but a surgical repair was not performed until September 2014, after the present lawsuit was filed. Named as defendants are Wexford Health Sources, Inc., a private entity that contracts to provide health services at Stateville and other Illinois correctional facilities, and three of its employees: Imhotep Carter, M.D., a Stateville physician and medical director from July 25, 2011 to May 13, 2012; Saleh Obaisi, M.D., a Stateville physician and medical director from August 2, 2012 until the present;

and La Tanya Williams, who has been a physician's assistant at Stateville since 2002. Also named as a defendant is Michael Lemke, who was the warden at Stateville for calendar year 2013. The Wexford defendants move for summary judgment on the ground that plaintiff failed to adequately exhaust his administrative remedies. Alternatively, the Wexford defendants contend that evidence does not support that the individual defendants acted with deliberate indifference or that each was personally responsible for any deficient medical care that occurred. Wexford contends it cannot be liable if none of the individual defendants are liable or, alternatively, any deliberate indifference to medical care that occurred was not pursuant to a custom or policy of Wexford. Lemke, who is represented by separate counsel, does not raise exhaustion. On summary judgment, he contends that evidence does not support that he had any knowledge of plaintiff's medical condition nor is he shown to have been personally responsible for any deficient medical treatment plaintiff may have received.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods.,***

*Inc.*, 628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***, 599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***, 614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986); ***Montgomery v. Am. Airlines, Inc.***, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. ***Celotex***, 477 U.S. at 324; ***Freundt v. Allied Tube & Conduit Corp.***, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); ***O'Brien v. Encotech Constr.***, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See* ***Lorillard Tobacco Co. v. A & E Oil, Inc.***, 503 F.3d 588, 594-95 (7th Cir. 2007); ***Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago***, 357 F.3d 677, 679 (7th Cir. 2004); ***Lampley v. Mitcheff***, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." ***Logan v. Commercial Union Ins. Co.***, 96 F.3d 971, 978 (7th Cir. 1996) (citing ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." ***Celotex***, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" ***Logan***, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." ***Id.*** (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." ***McGinn v. Burlington Northern R.R. Co.***, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" ***Logan***, 96 F.3d at 978 (quoting ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

First to be considered is the exhaustion argument raised by the Wexford defendants. Exhaustion is an affirmative defense on which defendants bear the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "No action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). If a prisoner brings suit before administrative remedies are fully exhausted, the lawsuit must be dismissed even if exhaustion was completed after the lawsuit is filed and before the entry of judgment in the lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Moore v. Sergeant*, 2016 WL 427567 *4 (S.D. Ind. Feb. 4, 2016).

Plaintiff asserts that, on January 3, 2012, he submitted a grievance to his counselor Lantria Davis and that he never received any response to the grievance. Defendants deny that any such grievance was ever submitted. Plaintiff provides a document purporting to be a copy of this grievance. However, there is no notation on the document that it was received. Moreover, plaintiff does not cite to any testimony or declaration authenticating this document, nor does he point to any

testimony or declaration supporting that he submitted the grievance.[1]

Additionally, Lemke provides the declaration of Anna McBee showing that no such grievance is in the Stateville Grievance Officer Log.  Since plaintiff does not provide adequate evidence supporting that he submitted a January 2012 grievance, there is no genuine factual dispute that he submitted a grievance at that time.  For purposes of summary judgment it must be taken as true that no grievance was submitted in January 2012.

It is undisputed that, on April 12, 2013, plaintiff filed a grievance regarding treatment for his hernia condition.  On April 19 Lemke denied it as an emergency grievance and directed that the grievance be submitted "in the normal manner."  Though plaintiff put on the grievance that he needed his "hernia

---

[1] Although not cited by plaintiff or defendants, at his deposition, plaintiff was asked about this purported grievance.  Pl. Dep. at 85-87.  Plaintiff testified that, in general, he makes a photocopy of each grievance and "mail[s] the original out."  He did not respond as to whether that was actually done with the January 2012 grievance nor does he say to whom he generally addresses a mailed grievance.  His factual assertion in this case is that he gave the January 2012 grievance to his counselor, not that he mailed it.  Raising the grievance with the counselor is the first level of the grievance procedure.  Thereafter, a written grievance must be submitted to the grievance officer with a final decision being made by the warden.  Next, an appeal may be made to the Administrative Review Board.  *See* Ill. Admin. Code, tit. 20, §§ 504.810, 504.850; **Woods v. Forehand**, 2015 WL 1188326 *3 (S.D. Ill. March 12, 2015).  All levels of the grievance procedure must be exhausted before filing a lawsuit..

repaired immediately," he contends the April 12 grievance was not intended to be an emergency grievance. In any event, on April 25, 2013, plaintiff resubmitted the grievance in a normal manner. On June 7, the response was that the grievance was being forwarded to the Health Care Unit and the original grievance to the grievance officer. In the meantime, on April 30, plaintiff filed a purported appeal with the Administrative Review Board ("ARB"), which would be the next level of appeal after a determination by the warden. However, plaintiff did not attach to his appeal a copy of the grievance being appealed from. The appealed grievance was only described as being dated April 12, 2013 and "Regarding: medical-hernia." On May 19, 2013, the ARB returned the grievance requesting further information: "Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable. Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's [Warden's] response, to appeal." There is no evidence that plaintiff thereafter submitted a proper appeal to the ARB. No further ruling has been issued by the ARB.

Proceeding *pro se*,² plaintiff filed this action on May 16, 2013.³ To the extent plaintiff's April 30 filing with the ARB is construed as a properly filed appeal, plaintiff filed the present action while the appeal was still pending before the ARB. On May 19, 2013, the ARB returned the appeal requesting additional information. There is no evidence that plaintiff ever properly perfected an appeal to the ARB.

Evidence does not support that a grievance was properly filed in January 2012 nor that it was ever appealed through all the required steps. As to the April 2013 grievances, there was still time to appeal to the ARB at the time the present lawsuit was filed. If the April 30 appeal to the ARB was properly filed, the present lawsuit is premature and must be dismissed because the ARB appeal was still pending at the time of filing the lawsuit. **Ford**, 362 F.3d at 398. The ARB, however, returned the appeal as insufficient and there is no evidence that plaintiff

---

²Since November 29, 2013, plaintiff has been represented by retained counsel.

³The certificate of service for the original filing was notarized on May 10, 2013, but the line for the date of placing the filed pleadings in the mail is left blank. If the mailbox rule were to be applied, the Complaint could possibly be considered to have been filed as early as May 10, 2013. Whether this case was filed on May 10, May 16, or some date in between does not affect the exhaustion ruling.

ever perfected an appeal to the ARB regarding his April 2013 grievances. Since an appeal to the ARB was never taken, the present lawsuit would be subject to dismissal for that reason. Regardless of how the appeal to the ARB is viewed, plaintiff's lawsuit is subject to dismissal on exhaustion grounds.

Plaintiff contends, however, that the Wexford defendants have waived the affirmative defense of exhaustion. The Wexford defendants raised exhaustion in their answers to the original and amended Complaints. *See* ECF 12 at 5-6; ECF 31 at 5; ECF 35 at 4-5; ECF 46 at 7; ECF 96 at 5-6. Plaintiff, though, contends that the exhaustion defense is waived if a motion based on exhaustion is not brought early in the case. The Wexford defendants waited until the completion of discovery and then raised exhaustion in a summary judgment motion.

While there is a procedure for resolving exhaustion issues early in the case and it is preferable to resolve exhaustion before conducting discovery on the merits of the case, it is permissible to conduct discovery on the merits before resolving exhaustion. *See* **Pavey v. Conley**, 544 F.3d 739, 742 (7th Cir. 2008); **Wagoner v. Lemmon**, 778 F.3d 586, 593 (7th Cir. 2015). The exhaustion issue will not be treated as waived because the Wexford defendants failed to request a

***Pavey*** hearing early in the proceedings. The claims against the Wexford defendants will be dismissed without prejudice on exhaustion grounds.

As to Lemke, in his answer, he raised exhaustion as an affirmative defense. However, he makes no exhaustion argument in his summary judgment brief. He does discuss grievances filed by plaintiff, but only in terms of whether the grievances show Lemke had knowledge of plaintiff's medical situation. A defendant in prison litigation who has a possible exhaustion defense can waive it and instead seek dismissal on the merits. ***Fluker v. County of Kankakee***, 741 F.3d 787, 793 (7th Cir. 2013). The Seventh Circuit has held, however, that when the defendant raises grounds for dismissal based on both exhaustion and the merits, the exhaustion issue should be resolved before addressing the merits. ***Id.*** (quoting ***Perez v. Wis. Dep't of Corr.***, 182 F.3d 532, 536 (7th Cir. 1999)) ("§ 1997e(a) 'can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.'"). Although not raised by Lemke, the exhaustion issue is before the court because raised by the other defendants. Having already determined that plaintiff's lawsuit is subject to dismissal on exhaustion grounds, Lemke's claims will be dismissed on those same grounds as well.

Plaintiff's cause of action will be dismissed without prejudice. No opinion is expressed as to the merits of plaintiff's claims. Costs will not be awarded. This lawsuit appears to have been partially successful in that plaintiff receiving a referral for surgery appears to have been at least partially caused by the filing of this lawsuit and the later diligence of his able attorney. Also, defendants apparently could have resolved this lawsuit with substantially less expenses had they raised exhaustion earlier.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment [111, 115] are granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). Each party shall bear its, his, or her own costs.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 7, 2016