IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


GREGORY SCOTT WILSON,      )
                                     )
            Plaintiff,       )
                                     )
      v.               )     No. 13 C 3656
                                     )
SALEH OBAISI, M.D., et al.,       )
                                     )
           Defendants.   )


# <u>OPINION AND ORDER</u>

During times relevant to this lawsuit, plaintiff Gregory Scott Wilson was

an inmate at Stateville Correctional Facility in Illinois. Plaintiff is currently

incarcerated at Hill Correctional Center. Plaintiff contends that defendants acted

with deliberate indifference to his serious medical needs in that he complained of

the need for treatment of a hernia beginning in September 2011, but a surgical

repair was not performed until September 2014, after the present lawsuit was filed.

On July 8, 2016, judgment was entered dismissing this action without prejudice

for failure to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). *See* ECF

[143]; *see also **Wilson v. Obaisi***, 2016 WL 3640412 (N.D. Ill. July 7, 2016).

Plaintiff timely moves for reconsideration pursuant to Fed. R. Civ. P. 59(e) and for

leave to file a Fourth Amended Complaint.

Plaintiff now contends that he should be allowed to amend his complaint and continue this lawsuit because he fully and adequately exhausted his administrative remedies while this lawsuit was pending. As previously held, Seventh Circuit case law is clear that "[i]f a prisoner brings suit before administrative remedies are fully exhausted, the lawsuit must be dismissed even if exhaustion was completed after the lawsuit is filed and before the entry of judgment in the lawsuit." *Wilson*, 2016 WL 3640412 at *2 (citing ***Ford v. Johnson***, 362 F.3d 395, 398 (7th Cir. 2004); ***Moore v. Sergeant***, 2016 WL 427567 *4 (S.D. Ind. Feb. 4, 2016)). Citing a one-paragraph, *per curiam* Eighth Circuit decision, plaintiff contends it is sufficient to complete administrative exhaustion while the court case is pending. *See **Williams v. Norris***, 176 F.3d 1089 (8th Cir. 1999). This court, however, is bound to follow Seventh Circuit case law. Moreover, ***Williams*** has been overruled in the Eighth Circuit itself. ***Johnson v. Jones***, 340 F.3d 624, 627-28 (8th Cir. 2003). The law is clear that plaintiff cannot continue the present lawsuit. Any continuation of his claims would require the filing of a new lawsuit.

Citing a Sixth Circuit case, *see **Owens v. Keeling***, 461 F.3d 763, 772-773 (6th Cir. 2006), plaintiff contends he should not be required to pay another filing

fee if he files a new case raising the same claims. That holding is based, in large part, on the Sixth Circuit requiring a heightened pleading standard for exhaustion and requiring that prisoners affirmatively plead exhaustion. The Seventh Circuit, though, treats exhaustion in a prisoner case as an affirmative defense. At least two district court cases from other Circuits have expressly rejected the holding of *Owens* as being applicable in their Circuits. *See Ellis v. Kitchin*, 2010 WL 4071874 *1 (E.D. Va. June 9, 2010); *Slaughter v. Carey*, 2007 WL 1865501 *1 (E.D. Cal. June 28, 2007). *Slaughter* relies on the distinction that the Ninth Circuit treats exhaustion as an affirmative defense. It would appear that the filing fee should not be waived if plaintiff chooses to refile his claim. No final determination of that issue, however, would be made unless plaintiff refiles his case. If plaintiff has any Seventh Circuit precedents supporting that the filing fee should be waived, he should cite them in support of any motion to waive fees that might be filed if he refiles his case.

Plaintiff also asserts that he fully, timely, and properly exhausted his claim after the original suit was filed. The decision of the Administrative Review Board, though, indicates that review was denied because plaintiff's appeal was not timely. Thus, it would appear that exhaustion is not properly satisfied. When

presenting the Rule 59(e) motion in court, counsel for plaintiff contended he could show that exhaustion was proper and sufficient. No final determination as to the adequacy of exhaustion is made at this time. However, should plaintiff refile this action, both counsel and plaintiff must have a good faith basis for contending that exhaustion was adequate. *See* Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration [147] and for leave to file 4th Amended Complaint [144] are denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 17, 2016